IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 12, 2015

**RANDY BEA ANDERSON v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Maury County**
**No. 21897     Stella L. Hargrove, Judge**

_____

**No. M2015-00112-CCA-R3-PC – Filed February 12, 2016**

_____

The Petitioner, Randy Bea Anderson, appeals from the denial of post-conviction relief arising from his guilty plea to one count of aggravated burglary, one count of theft of property valued between $1,000 and $10,000, and one misdemeanor count of theft of property valued at $500 or less.  On appeal, he contends he received ineffective assistance of counsel in connection with his guilty pleas.  Upon review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ROBERT L. HOLLOWAY, JR., JJ., joined.

Lee E. Brooks, Spring Hill, Tennessee, for the Defendant-Appellant, Randy Bea Anderson.

Herbert H. Slatery III, Attorney General and Reporter; Meredith DeVault, Senior Counsel; Brent A. Cooper, District Attorney General; and Daniel J. Runde, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

On May 6, 2013, the Petitioner, Randy Bea Anderson, entered guilty pleas to one count of aggravated burglary, a Class C felony, one count of theft of property valued between $1,000 and $10,000, a Class D felony, and one count of theft of property valued at $500 or less, a Class A misdemeanor.  See T.C.A. §§ 39-14-403, -103.  In accordance with a plea agreement, he was sentenced as a Range II offender and received a total effective sentence of ten years with a release eligibility of thirty-five percent.  On August 7, 2013, the Petitioner filed a petition for post-conviction relief alleging he received ineffective assistance of counsel in connection with his guilty plea.  After the post-

conviction court determined that the Petitioner presented a colorable claim, she appointed counsel who filed an amended petition on January 31, 2014. The post-conviction court held a hearing on the amended petition on November 24, 2014.

**Post-Conviction Hearing.** At the November 24, 2014 post-conviction hearing, the Petitioner testified that he had previously been diagnosed with two psychological disorders: schizoaffective disorder and bipolar disorder. He claimed that since his arrest and incarceration on August 3, 2012, his medication regimen was altered multiple times, and that he did not consistently receive his medication. The Petitioner claimed that this caused him to attempt suicide on at least two occasions while in the State's custody. Finally, the Petitioner testified that at approximately 4:30 a.m. on the morning of his plea submission hearing, he was asleep in an observation cell when an officer came in to confiscate a cup of water. The official report of incident, which was read into the record during the post-conviction proceeding, reflected that the cup contained the Petitioner's urine and that the Petitioner threw the cup at the officer. The Petitioner said that he "accidently hit [the officer] in the face," at which point the officer shot the Petitioner with a taser. The Petitioner informed trial counsel of the incident and showed him the entry wound from the taser dart. The Petitioner told trial counsel that he believed the guards were trying to kill him.

The Petitioner claimed that trial counsel misled him as to the terms of his plea agreement. The Petitioner testified that until the morning of his plea submission, the only offer trial counsel had relayed to him from the State was "[e]ight years' probation." The Petitioner said that on the morning of his plea submission, trial counsel told him that if he did not accept the State's final offer of ten years with a release eligibility of thirty-five percent, the court would sentence him to twenty-six years with a release eligibility of sixty percent. On cross-examination, the Petitioner conceded that he did not remember the plea submission proceeding and could not recall whether he informed trial counsel about the modifications to his medication regimen. After being read portions of the transcript from his plea submission, the Petitioner agreed with the State that he told the court that his judgment was not impaired by his medications prior to the court accepting his guilty plea. He further admitted that he told the trial court that he was satisfied with his attorney and that he understood that his attorney had negotiated a plea deal wherein the Petitioner would be sentenced as a Range II offender when, in reality, he was subject to being sentenced as a Range III offender.

Trial counsel testified that he was appointed to represent the Petitioner in 2012. He recalled that he met with the Petitioner several times both at the jail and in court prior to the Petitioner's appearances. Trial counsel stated that he was aware that the Petitioner had previously attempted suicide and that during one meeting the Petitioner "said something about having trouble getting his medications." However, trial counsel also

-2-

testified that the Petitioner was always able to engage in meaningful and intelligent conversations with him and that he never saw any indication that the Petitioner needed a mental evaluation. Trial counsel further recalled that on the date of the plea submission, the Petitioner was able to converse with him in a clear and cogent manner, and stated that he would not have let the Petitioner enter a plea if he was not fully convinced that the Petitioner understood the proceedings.

As to the plea agreement, trial counsel testified that the State initially offered to resolve all three charges for an effective sentence of eleven years with a release eligibility of forty-five percent as a Range III offender. After multiple negotiations, the State agreed to resolve all three charges for an effective sentence of ten years with a release eligibility of thirty-five percent as a Range II offender. Trial counsel testified that he never received an offer of eight years' probation and never relayed such an offer to the Petitioner. Trial counsel testified that he had multiple discussions with the Petitioner about the terms of the plea agreement before the Petitioner decided to accept it. Specifically, trial counsel recalled that on the day of the plea submission he asked another attorney to give the Petitioner a second opinion on the quality of the plea offer prior to the Petitioner deciding to accept the deal. Trial counsel was convinced that the Petitioner fully understood the terms of his plea agreement and was competent to enter a plea.

At the conclusion of the hearing, the post-conviction court took the matter under advisement, and on December 9, 2014, entered an order denying post-conviction relief on all grounds. In that order, the post-conviction court found that the Petitioner failed to prove that he had received ineffective assistance of counsel by clear and convincing evidence. The court determined that trial counsel met with the Petitioner on at least four occasions prior to the Petitioner's plea submission, and concluded that the Petitioner received "excellent representation by an experienced and very thorough and conscientious counsel, who protected and safeguarded his rights at every stage." It is from this order that the Petitioner timely appeals.

## ANALYSIS

On appeal, the Petitioner argues that trial counsel rendered ineffective assistance of counsel by misleading him as to the terms of his negotiated plea agreement and by failing to investigate the effects of the change in his medication regime on his ability to submit a guilty plea. The State responds that the post-conviction court properly denied relief because the Petitioner failed to establish that he received ineffective assistance of counsel. We agree with the State.

Initially, we note the sparse record on appeal, which does not contain any of the exhibits introduced at the post-conviction proceeding. There is also no transcript of the

-3-

guilty plea proceeding in the record on appeal. "[W]hen a record does not include a transcript of the hearing on a guilty plea, the Court of Criminal Appeals should determine on a case-by-case basis whether the record is sufficient for a meaningful review under the standard adopted in Bise." State v. Caudle, 388 S.W.3d 273, 279 (Tenn. 2012). The Tennessee Supreme Court noted that appellate courts have the authority to supplement the record pursuant to Tennessee Rule of Appellate Procedure 24(e) but stated that it did "not mean to suggest that the Court of Criminal Appeals must or should order supplementation of the record in every case where the appellant fails to provide a transcript of the hearing on a guilty plea." Id. Instead, "[s]upplementation may be considered on a case-by-case basis and should be ordered only if the record is otherwise inadequate to conduct a meaningful appellate review on the merits of the sentencing decision." Id. "If, however, the record is adequate for a meaningful review, the appellate court may review the merits of the sentencing decision with a presumption that the missing transcript would support the ruling of the trial court." Id. (citing State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991)). The court concluded that "the mere fact that the transcript of the submissions hearing was not made a part of the record on appeal should not preclude review under the standard adopted in Bise." Id.

The record on appeal includes a transcript of the post-conviction proceeding where several relevant portions of the sentencing hearing transcript, including the Petitioner's guilty plea colloquy, were read into evidence. Accordingly, we discern that in this case the record is adequate for our review. See, e.g., State v. Mangium, No. W2012-00315-CCA-R3-PC, 2013 WL 167202 (Tenn. Crim. App. Jan. 15, 2013), perm app. denied (Tenn. June 19, 2013) (entertaining appeal from denial of post-conviction petition alleging ineffective assistance of counsel without benefit of transcript of guilty plea).

Post-conviction relief is only warranted when a petitioner establishes that his or her conviction or sentence is void or voidable because of an abridgement of a constitutional right. T.C.A. § 40-30-103. The Tennessee Supreme Court has held:

> A post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates otherwise. When reviewing factual issues, the appellate court will not re-weigh or re-evaluate the evidence; moreover, factual questions involving the credibility of witnesses or the weight of their testimony are matters for the trial court to resolve. The appellate court's review of a legal issue, or of a mixed question of law or fact such as a claim of ineffective assistance of counsel, is de novo with no presumption of correctness.

Vaughn v. State, 202 S.W.3d 106, 115 (Tenn. 2006) (internal citations and quotation marks omitted); see Felts v. State, 354 S.W.3d 266, 276 (Tenn. 2011); Frazier v. State,

-4-

303 S.W.3d 674, 679 (Tenn. 2010). A post-conviction petitioner has the burden of proving the factual allegations by clear and convincing evidence. T.C.A. § 40-30-110(f); Tenn. Sup. Ct. R. 28, § 8(D)(1); Dellinger v. State, 279 S.W.3d 282, 293-94 (Tenn. 2009). Evidence is considered clear and convincing when there is no serious or substantial doubt about the accuracy of the conclusions drawn from it. Lane v. State, 316 S.W.3d 555, 562 (Tenn. 2010); Grindstaff v. State, 297 S.W.3d 208, 216 (Tenn. 2009); Hicks v. State, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998).

Vaughn further repeated well-settled principles applicable to claims of ineffective assistance of counsel:

> The right of a person accused of a crime to representation by counsel is guaranteed by both the Sixth Amendment to the United States Constitution and article I, section 9, of the Tennessee Constitution. Both the United States Supreme Court and this Court have recognized that this right to representation encompasses the right to reasonably effective assistance, that is, within the range of competence demanded of attorneys in criminal cases.

Vaughn, 202 S.W.3d at 116 (internal quotations and citations omitted).

In order to prevail on an ineffective assistance of counsel claim, the petitioner must establish that (1) his lawyer's performance was deficient and (2) the deficient performance prejudiced the defense. Id. (citing Strickland v. Washington, 466 U.S. 668, 687 (1984); Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975)). "[A] failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim. Indeed, a court need not address the components in any particular order or even address both if the [petitioner] makes an insufficient showing of one component." Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996) (citing Strickland, 466 U.S. at 697).

A petitioner successfully demonstrates deficient performance when the petitioner establishes that his attorney's conduct fell below "an objective standard of reasonableness under prevailing professional norms." Id. at 369 (citing Strickland, 466 U.S. at 688; Baxter, 523 S.W.2d at 936). Prejudice arising therefrom is demonstrated once the petitioner establishes "'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" Id. at 370 (quoting Strickland, 466 U.S. at 694). In order to satisfy the "prejudice" requirement in the context of a guilty plea, the petitioner must show that, but for counsel's errors, he would not have entered his guilty plea and would have proceeded to trial. Serrano v. State, 133 S.W.3d 599, 605 (Tenn. 2004) (citing Hill v. Lockhart, 474 U.S. 52, 59 (1985)).

We note that "[i]n evaluating an attorney's performance, a reviewing court must be highly deferential and should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." State v. Burns, 6 S.W.3d 453, 462 (Tenn. 1999) (citing Strickland, 466 U.S. at 689). Moreover, "[n]o particular set of detailed rules for counsel's conduct can satisfactorily take account of the variety of circumstances faced by defense counsel or the range of legitimate decisions regarding how best to represent a criminal defendant." Strickland, 466 U.S. at 688-89. However, we note that this "'deference to matters of strategy and tactical choices applies only if the choices are informed ones based upon adequate preparation.'" House v. State, 44 S.W.3d 508, 515 (Tenn. 2001) (quoting Goad, 938 S.W.2d at 369).

In the present case, the Petitioner complains that trial counsel mislead him as to the terms of his plea agreement and failed to investigate the effect of the changes to his medication regimen on the Petitioner's ability to enter a guilty plea. In denying the petition, the post-conviction court stated, "[i]t is clear from the [plea submission] transcript that Petitioner freely, voluntarily, and knowingly chose to forego a jury trial and to enter a best interest guilty plea under the agreed terms. It is clear from the transcript that Petitioner knew the consequences of his plea." The post-conviction court also noted that the Petitioner affirmed that his medication did not interfere with his ability to understand the proceedings and that both the Court and trial counsel were careful to ensure that the Petitioner heard and understood his plea agreement and sentence. The court concluded that the Petitioner failed to "articulate any fair and just reason for withdrawal of his best interest plea of guilty."

The record does not preponderate against the post-conviction court's findings and supports its conclusion that trial counsel was not ineffective. Trial counsel testified that he recalled that the Petitioner had some difficulty receiving his prescribed medication; however, the record is devoid of any evidence as to what changes were made or how those changes may have impacted the Petitioner's competency to enter a guilty plea. Furthermore, the post-conviction court read extensively from the Petitioner's guilty plea colloquy, wherein he assured the court that he was not under the influence of any medication that might affect his ability to enter a knowing and voluntary plea. See Blackledge v. Allison, 431 U.S. 63, 74 (1977) (noting that a defendant's testimony at a guilty plea hearing "constitute[s] a formidable barrier" in any subsequent collateral proceeding because "[s]olemn declarations in open court carry a strong presumption of verity"). Finally, there is no evidence, beyond the Petitioner's own testimony, supporting his contention that the State offered a plea deal of eight years to be served on probation. The Petitioner's trial counsel denied that any such offer was made or that he ever relayed such an offer to the Petitioner. The State affirmed that they never made such an offer.

Accordingly, we agree with the post-conviction court's determination that trial counsel did not mislead the Petitioner as to the terms of his plea agreement and that the Petitioner fully understood the consequences of his decision to enter a guilty plea. Thus, we agree with the post-conviction court that the Petitioner failed to establish that he received ineffective assistance of counsel.

## **CONCLUSION**

Upon review, we affirm the judgment of the post-conviction court.


_____
CAMILLE R. McMULLEN, JUDGE